**Manuel Gonzales PENA, Jr., Petitioner–Appellant,**

v.

**Cal TERHUNE, Director; Ana M. Ramirez, Warden, Respondents–Appellees.**

**No. 01–16838.**

**D.C. No. CV–99–03780–CRB.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Oct. 2, 2003.

Before SCHROEDER, Chief Judge, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM*

California State prisoner Manuel Gonzales Pena, Jr. appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. The petition challenged Pena's state court conviction pursuant to a "slow plea" to the crime of petty theft with a prior theft conviction. He also challenges his 25–years–to–life sentence under California's Three Strikes Law.

Pena contends his attorney was ineffective when the attorney advised him to waive his right to a jury trial and submit the matter to the court on documentary evidence. His principal contention in the California state courts and in the district court has been that, had he gone before a jury, he might have been acquitted, and was thereby prejudiced by the plea before the judge. The evidence against Pena was overwhelming, however, so his decision to undertake the "slow plea" was quite reasonable. Following the "slow plea" his lawyer was able to argue before the state court that, on the record before the court in the plea proceeding, the court had discretion to decline to sentence under the Three Strikes Law. Though ultimately unsuccessful in avoiding the 25–to–life sentence, this strategy was certainly not below the level of competence required by the Constitution. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pena has not satisfied the requirements for ineffectiveness.

Pena now argues that he was coerced into the plea by his lawyer's promise that the slow plea would result in a one year sentence. He asks for a remand and an evidentiary hearing on whether such a promise was made. The first time that Pena raised this factual contention, however, was in his traverse filed in the district court. He never squarely presented the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claim to the state courts, and has therefore failed to exhaust it. *See Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999). Moreover, Pena's present claim that the plea was induced by an improper promise is belied by his colloquy before the trial court. In that colloquy, he stated that he was relying on no promises in entering the "slow plea." His admission that no promises were made to him also defeats his current claim that his appellate counsel in the state court was ineffective for failing to raise a claim of coercion. *See, e.g., Black-ledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Pena also challenges his 25–years–to–life sentence as violative of the Eighth Amendment. This claim is foreclosed by the United States Supreme Court's recent decision in *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

AFFIRMED.